**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LYDELL C. SMITH,

        *Plaintiff-Appellant,*

v.

J. B. HUNT TRANSPORT,
INCORPORATED,

        *Defendant-Appellee.*

No. 01-2457

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-01-1729-MJG)

Submitted: September 10, 2002

Decided: October 9, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. William Michaels, Baltimore, Maryland; Norris C. Ramsey, NOR-
RIS C. RAMSEY, P.A., Baltimore, Maryland, for Appellant. Roger
D. Meade, Traci L. Burch, LITTLER MENDELSON, P.C., Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

On June 13, 2001, Lydell C. Smith filed this action pursuant to the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 1999 & Supp. 2002). The district court dismissed his complaint, finding that Smith received his notice of right to sue from the Equal Employment Opportunity Commission (EEOC) on March 12, 2001, and so failed to file his complaint within ninety days as required by federal law. *See* 29 U.S.C.A. § 626(e) (West 1999). Smith appeals, and we affirm.

After Smith's former employer, J.B. Hunt Transport, Inc., moved to dismiss Smith's complaint on timeliness grounds and Smith filed a reply asserting that he did not receive the right to sue letter until March 16, 2001 and so did timely file suit, the district court set the case in for an evidentiary hearing on this issue. No party objected to this procedure. Rather Smith and J.B. Hunt appeared and offered evidence at the hearing supporting their respective positions.

The district court carefully considered this evidence and then specifically found that Smith was not a credible witness, that Smith's notation on his calender that he received the notice at issue on March 16 was a "fabrication" added "after the fact in order to bolster a story," and that the objective facts and preponderance of the evidence demonstrated that Smith received the right to sue notice on March 12, 2001.

Ample evidence supports the district court's determination that Smith received the notice of right to sue on March 12, 2001; accordingly, the court did not clearly err in so finding. *See Mylan Laboratories, Inc. v. Akzo*, 2 F.3d 56, 60 (4th Cir. 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*